UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 18-60114-CR-BLOOM

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DAVID PAUL ROHRIG,

      Defendant,

_____/

## MEMORANDUM IN AID OF SENTENCING AND REQUEST FOR DOWNWARD VARIANCE

The defendant, David Paul Rohrig, by and through undersigned Counsel, Jason W. Kreiss, Esq., and pursuant to U.S.S.G. § 6A1.2-3, p.s., Fed. R. Crim. P. 32 (d), (e)(2) and (f), and the Fifth Amendment to the United States Constitution, respectfully registers his Memorandum in Aid of Sentencing and Request for Downward Variance, and as grounds therefore, states as follows:

## I.  INTRODUCTION:

On January 18, 2019, David Paul Rohrig will stand before this Honorable Court having entered a timely guilty plea to possession of child pornography and accepting responsibility for his actions.  David is contrite, extremely remorseful and is ashamed of his conduct.  David is eager to continue his treatment with the goal of becoming a productive member of the community.  Based upon the sentencing factors found in Title 18 U.S.C. § 3553(a)(1-6), the

parties believe a sentence below the advisory guidelines is reasonable and complies with 18 U.S.C. § 3553(a)(2).  David Rohrig did not have sexual contact with minors, he didn't produce child pornography, he did not distribute child pornography and his risk of re-offending is minimal.[1]

Since his arrest in this case, David has come to terms with and recognizes the seriousness of his conduct, the effects on those depicted in the images and his need for continued treatment.  David understands that the Court must impose a period of incarceration to satisfy the penal component of the sentence in conformity with the provisions of 18 U.S.C. 3553(a)(1-6), and that he will be subject to a period of supervised release for at least  5 years. David will also have to register as a sex offender, he will have restrictions on where he may live, where he may work, who he may associate with, and he will be subject to search of his home, his person and his belongs for the rest of his natural life.

**THE SENTENCING PROCESS**

Pursuant to *U.S. v. Booker*, 543 U.S. 220 (2005), the federal sentencing process has adopted a three-step approach. (See Fed. R. Crim. P. 11(M), amended December 1, 2007,  *U.S. v. Pugh*, 515 F. 3d 1179 (11th Cir. 2008), and Amendment 741 of the Sentencing Guidelines, effective November 1, 2010.)   First, the Court is to resolve any disputed guideline issues and determine the *advisory* guideline range. The PSR applies § 2G2.2(a)(1), a base offense level of 18,  and pursuant to 2G2.2(b)(7)(D) a 5-level enhancement for possessing greater than 600

---

[1] See evaluation performed by Dr. Jill Levinson filed under seal

images.   The total offense level is 20 after a 3-level reduction for Acceptance of Responsibility. The criminal history category is I, and the *advisory* guideline range is 33 to 41 months.  There are no legal or factual objections.

Second, the Court is to consider if there are any factors that may warrant a departure from the *advisory* guideline range. Although the PSR fails to identify any factors that may warrant a downward departure, and the defendant does not seek a reduction pursuant to any of the specified departure grounds, he does believe that a variance below the advisory guidelines is warranted.

Lastly, the Court is to consider all the sentencing factors of 18 U.S.C. § 3553(a) and impose a sentence that is "reasonable" and not greater than necessary to achieve the sentencing objectives set forth in 18 U.S.C § 3553(a)**.**

## SENTENCING FACTORS PURSUANT TO TITLE 18 USC § 3553(a)

The United States Supreme Court has rejected the mandatory nature of the Sentencing Guidelines.  As made clear in *U.S. v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005)[2], district courts are only required to give "some weight" to the advisory guidelines, and are to consider the 18 U.S.C. § 3553 factors when formulating a *reasonable sentence*.  As set forth in *Nelson v. U.S.*, 555 U.S. 350, 129 S. Ct. 890 (2009), *Rita v. U.S.*, 551 U.S. 338, 127 S. Ct. 2456 (2007) and *Booker supra*, a sentencing court may not presume that a sentence within the applicable

---

[2]      See also *Gall v. U.S.*, 552 U.S. 38, 128 S. Ct. 586, (2007), *Kimbrough v. U.S.*, 552 U.S. 85, 128 S. Ct. 558, (2007), and *U.S. v. McBride*, 511 F. 3d 1293 (11th Cir. 2007).

3

guidelines range is reasonable but added, "[t]he Guidelines are not only not mandatory on sentencing courts, they are not to be presumed reasonable." *Nelson v. U.S.*, 555 U.S. at 352, 125 S. Ct. At 892. (emphasis added).  As we are in a post-Booker era, David Rohrig through counsel respectfully requests that this Honorable Court consider imposing a sentence consistent with the parties' joint sentencing recommendation based upon the following factors:

**History and Characteristics 18 U.S.C. § 33553(a)(1)**

Congress has recognized that "the history and characteristics of the defendant" may support a downward variance.  Under 18 U.S.C. § 3353(a)(1), a defendant's personal characteristics should be considered equally with the "nature and circumstances of the offense." The Guidelines however give no weight to an individual's personal history and characteristics unless one has criminal history.  *See Rita v. United States*, 551 U.S. 338, 364-65 (2007) (stating "[t]he [Sentencing] Commission has not developed any standards or recommendations that effect sentencing ranges for many individual characteristics.").  Accordingly, because this factor has not been included in David Rohrig's guideline calculation within the PSR, he respectfully requests that the Court fairly and completely consider his personal history and characteristics as reasonable grounds for a downward variance.

David accepted responsibility for his actions from the inception of the investigation in this case.  As noted in the PSR, law enforcement approached David at his residence and he agreed to a voluntary interview with the agents without any promises of leniency and without the advice / assistance of counsel.  David admitted to the agents that he downloaded child

pornography and that he saved the images on a hard drive.  David then voluntarily provided the agents with the hard drive without incident.  Within a week of his contact with law enforcement David voluntarily initiated treatment with Dr. Jill S. Levinson, Ph. D., LCSW at the Center for Offender Rehabilitation and Education and as of the date of her evaluation report, has attended 22 individual sessions and 14 group therapy sessions.   Although certainly not an excuse for his conduct, David grew up in an extremely dysfunctional environment.  As illustrated in the PSR, David's childhood was plagued with subpar absentee parenting, parental substance abuse, domestic violence and generational familial sexual abuse.   Despite the tremendous adversity that David endured as a child and his own resulting substance abuse, he has been a productive member of the community.  David has been gainfully employed in the food and beverage industry for over a decade. David has been a loyal supportive son, brother and friend to many. At 39 years old, David is a criminal history category 1, both prior issues being completely unrelated to the instant offense conduct and resolved by probation sentences which were successfully terminated.

It is evident from the multiple character letters submitted to the Court that David's friends and family hold him extremely high regard and will provide a strong network of support that will aid in reducing his chances of recidivism:

Sandra Welch stated, "*My son is has never been anything but the most honest, responsible, considerate, kind ad loving person I have ever been lucky enough to have in my life…Anyone who knows him loves him and appreciates his character and personality and I have had many people go out of their way to tell me how special he is…He chose to be wonderful*

*despite all the pain and abuse he's been through. He's been loyal supportive and forgiving always put his loved ones before himself.*"

Kevin Welch stated, "*I haven't had a father in my life but he was always there for me and that has really meant a lot to me... Our family has been through a lot of bad times but David has always been a caring and loving person to everyone in our lives.. I can see David has regret for what he did.  He started counseling quickly and has always tried to make his experiences and problems into something to learn from and apply to his life*".

Dave M. Rohrig stated, "*He is supportive for his mom and brothers and always ready to help.  He is honest and fair and doesn't judge others.*"

Ungsumalin Nakjaroen stated, "*David is one of the most caring people I've ever met. He always been kind and generous with others.*"

Milam Macuccino stated:  "*I have known David for over 15 years...David's good advice and high moral standards have helped me make decisions in life that kept me on a path where I work hard and made good decisions for myself whereas without him I'm not sure  would have been able to be so wise...David is an excellent role model to me is that I have seen him go through life to work o not only for himself but to better his community...I see him as the glue that keeps his family unit and extended family together.*"

**To Provide the Defendant with Needed Educational and Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner 18 U.S.C. § 3553(a)(2)(D):**

Dr. Jill S. Levinson, Ph. D., LCSW, of the Center for Offender Rehabilitation and Education, administered a psychological evaluation and risk assessment[3] of David Rohrig and made the following findings based upon her evaluation and available data:

"*I believe that Mr. Rohrig's cumulative adverse experiences contributed to his use of pornography and substance use.*"

"*His teen parents were often unavailable and as a result they exposed Mr. Rohrig to molestation, abuse, neglect, and dysfunction in his grandparents' home.*"

"*Mr. Rohrig has presented himself as **highly motivated to understand his behavior**, **to prevent a recurrence**, and **to cultivate strategies for creating healthy interpersonal relationships and coping skills**.*"

"***I have observed a pattern of increasing insight and understanding**.  David readily demonstrates empathy for victims, remorse for his behavior, and a deep sense of shame and guilt for his crime.  He describes himself as a "good person" and indeed, there appears to be nothing in his history to suggest that he engages in other types of criminal thinking or that he lacks a conscience.  He appears to engage in a responsible personal lifestyle other than his crime.*"

"*David has not engaged in ongoing patterns of criminal lifestyle, he is not abusing drugs or alcohol, he has embraced a positive work ethic, he has the positive pro-social*

---

[3] See report authored by Jill S. Levinson, PH. D., LCSW filed under seal

*support of his family and friends, and he has established a stable and responsible way of life. He is currently employed.  **This general pattern of self-regulation and adherence to social norms bodes well for his recovery and future choices**."*

*"It is noteworthy that Mr. Rohrig is voluntarily participating in a course of treatment while on pre-trial release, and he displays increased knowledge, insights, empathy, and motivation to prevent future unlawful or victimizing behavior."*

*"**Based on his lack of criminal risk factors, Mr. Rohrig poses little threat to community safety**.  In fact, he has demonstrated that he is motivated to engage in mental interventions, as evidenced by his voluntary participation in pre-trial treatment services.  He has solid family support and has **demonstrated his ability to conform to the norms, values and laws of our society** in other domains of his life."*

**<u>Bureau of Prisons Visiting Issues Unique to David Rohrig and this Offense:</u>**

The Bureau of Prisons encourages visiting by family, friends, and community groups to maintain the moral of the inmate and to develop closer relationships between the inmate and family members or others in the community" (see BOP p.s. 5267.07). However, defendants who violate child pornography statutes are barred from designation to a minimum-security camp, they are denied access to a computer and the Bureau of Prisons' Corrlinks email system, and they are not eligible for early release to a community confinement center.  Pursuant to 18 USC § 3624(c)(1), generally, inmates serving a term of incarceration are to spend a portion of the final months (not to exceed 12 months), under conditions that will afford them a reasonable

opportunity to adjust to and prepare for reentry of that prisoner into the community.   A conviction for the instant offense prohibits David Rohrig from obtaining early release to a half-way house, resulting in him serving significantly more time in jail than many other inmates sentenced to prison for the same amount of time.

**Conclusion:**

Based upon the above-mentioned factors, David Paul Rohrig respectfully requests that this Honorable Court ratify the joint sentencing recommendation of the parties and impose a sentence of 18 months in the BOP  which is below the *advisory* guideline range after considering all the 18 U.S.C § 3553(a)(1-6) factors identified in this filing. It is also requested that the Court recommend that the BOP designate David to the nearest facility to south Florida to facilitate family visitation and provide proper treatment for the mental health issues described in the PSR.

Respectfully Submitted:

/s/ *Jason W. Kreiss*
Jason W. Kreiss, Esq.
Counsel for Defendant Rohrig
FBN: 0087912

The Kreiss Law Firm
1824 SE 4th Ave
Fort Lauderdale, FL 33316
Tel. 954-525-1971
jwk@kreisslaw.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via

CM/ECF this 13th day of January 2019 and sent to all parties of record.

<u>/s/ *Jason W. Kreiss*</u>
Jason W. Kreiss, Esq.